UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-Civ-23425-COOKE/TORRES

LESLIE REILLY, an individual,
on behalf of herself and all others
similarly situated,

       Plaintiff,

v.

CHIPOTLE MEXICAN GRILL, INC., a
Delaware corporation,

       Defendant.

_____/

**REPORT AND RECOMMENDATION
ON CHIPOTLE'S MOTION FOR AN AWARD OF ATTORNEYS' FEES**

       This matter is before the Court on Chipotle Mexican Grill, Inc.'s ("Defendant" or "Chipotle") motion for attorneys' fees and non-taxable costs against Leslie Reilly ("Plaintiff"). [D.E. 206]. Plaintiff responded to Chipotle's motion on January 10, 2018 [D.E. 212] to which Chipotle replied on January 17, 2018. [D.E. 214]. Therefore, Chipotle's motion is now ripe for disposition. After careful consideration of the motion, response, reply, relevant authority, and for the reasons discussed below, Chipotle's motion should be **DENIED**.

### I.   BACKGROUND

       This case is based on a complaint that Plaintiff, on behalf of all others, filed on September 10, 2015 against Chipotle. [D.E. 1]. The complaint alleged violations of

1

Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. §§ 501.201-501.213 and the common law.  More specifically, Plaintiff alleged that Defendant engaged in a uniform campaign, beginning in April 2015, to mislead consumers that Defendant's food products contained only non-genetically modified ingredients ("GMO"). Defendant purportedly advertised the campaign through public media, press releases, social media, and on the front door and the menu panel of all of Defendant's restaurants.

On November 17, 2016, the Court granted Chipotle's motion for summary judgment [D.E. 180] and Plaintiff appealed that decision to the Eleventh Circuit. On October 4, 2017, the Eleventh Circuit affirmed the Court's decision and the Eleventh Circuit denied a panel rehearing on November 14, 2017.  Thereafter, Chipotle filed its motion for attorneys' fees ($828,423.66) and non-taxable costs ($588,033.05).  [D.E. 212].

## II.     APPLICABLE PRINCIPLES AND LAW

"Under FDUTPA, the Florida Legislature has declared that deceptive or unfair methods of competition and practices in trade and commerce are unlawful." *Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So. 3d 362, 367 (Fla. 2013).  "To encourage citizens to invoke the protections of FDUTPA and file actions under that statute, the Legislature has provided that a prevailing party in a FDUTPA action may recover reasonable costs and attorney's fees from the nonprevailing party."  *Id.* The statutory provision states the following: "In any civil litigation resulting from an

act or practice involving a violation of this part . . . the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorney's fees and costs from the nonprevailing party." Fla. Stat. § 501.2105(1). "To recover attorney's fees, subsection 501.2105(2) provides that the attorney for the prevailing party must submit a sworn affidavit regarding the time expended litigating a civil action involving a FDUTPA claim." *Diamond Aircraft*, 107 So. 3d at 370. "Subsection 501.2105(3) permits an award of attorney's fees for the hours actually expended on a civil action involving a FDUTPA claim." *Id.*

The Florida Supreme Court has explained that "to recover attorneys' fees in a FDUTPA action, a party must prevail in the litigation; meaning that the party must receive a favorable judgment from a trial court with regard to the legal action, including the exhaustion of all appeals." *Id.* at 368. Assessing attorneys' fees under FDUTPA for other portions of the litigation would be inappropriate "if either (1) counsel admits that the other services provided in that action were unrelated to the FDUTPA claim, or (2) a party establishes that the services related to non-FDUTPA claims 'were clearly beyond the scope of a 501 proceeding.'" *Diamond Aircraft*, 107 So. 3d at 370 (citation omitted). Simply put, "the purpose of FDUTPA's attorney's fees provision . . . is to award attorney's fees to the party that prevailed in civil litigation that involved a violation of FDUTPA—not for an action clearly beyond FDUTPA's scope." *Id.* at 371.

3

Once the trial court has determined that a party prevailed under FDUTPA, it has discretion to award attorney's fees based on various factors, including: "(1) the scope and history of the litigation; (2) the ability of the opposing party to satisfy an award of fees; (3) whether an award of fees against the opposing party would deter others from acting in similar circumstances; (4) the merits of the respective positions—including the degree of the opposing party's culpability or bad faith; (5) whether the claim brought was not in subjective bad faith but frivolous, unreasonable, groundless; (6) whether the defense raised a defense mainly to frustrate or stall; (7) whether the claim brought was to resolve a significant legal question under FDUTPA law." *Humane Soc'y of Broward Cty., Inc. v. Fla. Humane Soc'y*, 951 So. 2d 966, 971–72 (Fla. 4th DCA 2007) (citing *Rosen v. Rosen*, 696 So. 2d 697, 700–01 (Fla. 1997)). This list is non-exhaustive and an award or fees of costs is committed solely to the discretion of the trial court. *See Id.* at 971. The burden is on the moving party to demonstrate an entitlement to fees and costs. See *CrossPointe, LLC v. Integrated Computing, Inc.,* 2007 WL 1192021, * at 5 (M.D. Fla. 2007) (denying FDUTPA fees where movant failed to meet burden). In addition to attorneys' fees, "FDUPTA allows for the award of non-taxable costs, i.e. those costs that are not taxable under federal law at 28 U.S.C. § 1920." *Chow v. Chak Yam Chau*, 640 F. App'x 834, 836 (11th Cir. 2015) (citing Fla. Stat. § 501.2105(1)-(4)).

Assuming that fees are warranted in this case, "courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that

4

excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *ACLU of Georgia v. Barnes,* 168 F.3d 423, 428 (11th Cir. 1999). Courts have considerable discretion when determining whether a party to a case should receive a fee award. *See Cullens v. Georgia Dept. Of Transp.,* 29 F.3d 1489, 1492-1493 (11th Cir. 1994) (emphasizing that the district court is "empowered to exercise discretion in determining whether an award is to be made and if so its reasonableness.").

An award must be reasonable and must fall within the guidelines for fee awards promulgated by the Eleventh Circuit. *See Norman v. Housing Auth. Of Montgomery,* 836 F.2d 1292, 1299-1302 (11th Cir. 1988). It is consequently within a court's ultimate discretion to adjust the fees to an amount it deems proper according to the Eleventh Circuit's parameters. *See, e.g., Columbus Mills, Inc. v. Freeland,* 918 F.2d 1575, 1580 (11th Cir. 1990) ("[T]he *Norman* Court left to the discretion of the district court the decision of whether to prune excessive hours"); *Cullens,* 29 F.3d at 1492 ("[W]e reemphasize that the district court has discretion in determining the amount of a fee award. This is appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters.") (quotation omitted).

In determining an appropriate fee award, we employ the lodestar method. *See City of Burlington v. Dague,* 505 U.S. 557, 562 (1992) ("The 'lodestar figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence. We

have established a 'strong presumption' that the lodestar represents the 'reasonable' fee"). This method allows for a reasonable estimate of the value of an attorney's service because the movant submits evidence "supporting the hours worked and rates claimed." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). If the movant's documentation of hours worked is inadequate, "the district court may reduce the award accordingly." *Id*.

The lodestar method requires the Court to first determine an attorney's reasonable hourly rate, and to multiply that rate by the number of hours reasonably expended. *See, e.g., Loranger v. Stierheim,* 10 F.3d 776, 781 (11th Cir. 1994); *Norman*, 836 F.2d at 1299*; Harbaugh v. Greslin,* 365 F. Supp. 2d 1274, 1279 (S.D. Fla. 2005). Following the Court's calculation, "the court must next consider the necessity of an adjustment for results obtained." *Norman*, 836 F.2d at 1302. Accordingly, when awarding fees, the Court must allow meaningful review of its decision and "articulate the decisions it made, give principled reasons for those decisions, and show its calculation." *Id*. at 1304 (citation omitted).

### III.   ANALYSIS

Chipotle's motion seeks $828,423.66 in attorneys' fees and $588,033.05 in non-taxable costs. Plaintiff opposes Chipotle's motion because Chipotle has allegedly failed to meet its burden to show that this is one of the rare cases in which a corporate defendant is entitled to fees against a purchaser of consumer goods under FDUPTA. Plaintiff claims that she has only located one case where a court

6

approved a fee award and that courts routinely deny fee requests for a myriad of reasons. *See, e.g.*, *Colomar v. Mercy Hosp., Inc.*, 2008 WL 4459383, at *5 (S.D. Fla. Sept. 29, 2008) ("[W]hile the Court finds that factors one through three weigh neutrally between the Parties, the remaining *Humane Society* factors weigh in favor of Ms. Colomar. As such, Defendant has failed to meet its burden under § 501.2105(1), and the Court shall deny fees and costs under the FDUTPA."); *Chastain v. N.S.S. Acquisition Corp.*, 2010 WL 5463859, at *2 (S.D. Fla. Dec. 29, 2010) ("There is no evidence pertaining to the ability of the plaintiff to satisfy an award of fees").

In sum, Plaintiff concludes that an award is not appropriate because (1) Plaintiff has no ability to pay $1.5 million dollars, (2) Plaintiff litigated this case in good faith, (3) Plaintiff developed significant evidence showing that Chipotle's advertisements were deceptive, and (4) the history of this litigation demonstrates that Plaintiff diligently worked to meet this Court's pretrial deadlines even in the face of Chipotle's aggressive defenses. Because most – if not all – of the *Humane Society* factors weighs in her favor, Plaintiff concludes that Chipotle's motion should be denied in its entirety.

### A. *Prevailing Party*

Before attorneys' fees may be awarded, we must determine who the prevailing party is in this case. "The Florida Supreme Court has held that, in general, 'the prevailing party on the significant issues in the litigation is the party that should be considered the prevailing party for attorney's fees.'" *Chow v*, 640 F. App'x at 839

7

(citing *Mortiz v. Hoyt Enters., Inc.*, 604 So. 2d 807, 810 (Fla. 1992)).  "In so holding, the Florida Supreme Court has taken guidance from the United States Supreme Court, which has 'held that the test is whether the party 'succeeded on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" *Chow*, 640 F. App'x at 839 (internal citations omitted).  In other words, there must be some change in the legal relationship and some relief on the merits of the claim achieved, with a resulting enforceable judgment.  The Florida Supreme Court has decided that "the fairest test to determine who is the prevailing party is to allow the trial judge to determine from the record which party has in fact prevailed on the significant issues tried before the court."  *Chow*, 640 F. App'x at 839 (internal citations omitted).

There does not appear to be any dispute between the parties that Chipotle is the prevailing party in this case.  Plaintiff's complaint originally consisted of three counts – two under FDUPTA and one for unjust enrichment.  [D.E. 1].  In response to Chipotle's motion to dismiss, the Court dismissed Plaintiff's count for injunctive relief and Plaintiff did not re-assert it.  The Court subsequently granted Chipotle's motion for summary judgment as to Plaintiff's counts for damages under FDUPTA and unjust enrichment.  [D.E. 180].  Final judgment was entered in Chipotle's favor on December 2, 2016 and the Eleventh Circuit affirmed the Court's decision. [D.E. 184].

8

Because Chipotle prevailed on both of Plaintiff's FDUPTA claims and obtained a complete defense judgment, it is clear that Chipotle prevailed in this case and that they may be entitled to attorneys' fees. *See, e.g.*, *Big Tomato v. Tasty Concepts, Inc.*, 972 F. Supp. 662, 664 n.1 (S.D. Fla. 1997) ("A defendant who prevails in a motion to dismiss based on lack of standing is a 'prevailing party' for the purposes of § 501.2105.") (citing *M.G.B. Homes, Inc. v. Ameron Homes, Inc.,* 30 F.3d 113 (11th Cir. 1994)). As such, we shall now consider the seven *Humane Society* factors to determine whether fees and costs are appropriate in this case. *See Humane Soc'y*, 951 So. 2d at 971–72.

### B.  *The Scope and History of the Litigation*

The first *Humane Society* factor focuses on the scope and history of the litigation to determine whether fees should be awarded. Chipotle argues that this factor weighs in its favor because Plaintiff not only litigated this case aggressively, but that she continued her tactics after her deposition when it became clear that she lacked standing and was not an adequate class representative. For example, after Plaintiff's deposition, Plaintiff (1) filed two motions to compel, (2) deposed five Chipotle employees, (3) designated three retained experts, (4) deposed two of Chipotle's designated experts, (5) filed a motion for class certification, (6) opposed Chipotle's motion for summary judgment, and (7) bombarded the Court with last-minute motions and supplemental filings before the trial date. Because Plaintiff litigated this case in such an aggressive way, Chipotle believes that factor

9

weighs in favor of a fee award. *See, e.g.*, *Prato v. Hacienda Del Mar, LLC*, 2011 WL 3875373, at *2 (M.D. Fla. Aug. 31, 2011) ("[T]he litigation in this case was extensive, contentious, and trial lasted 6 days"); *Victory Int'l (USA), LLC v. Perry Ellis Int'l, Inc.*, 2009 WL 1956236, at *1 (S.D. Fla. July 7, 2009) ("With respect to the scope and history of the litigation, the record shows that the Plaintiff should not have litigated this case and certainly not to the extent it did after it became clear that its claims appeared unfounded.").

Yet, Chipotle's arguments are unpersuasive because "there is no evidence that [Plaintiff] or her attorneys, unreasonably multiplied . . . the expenses" in this case. *Colomar*, 2008 WL 4459383, at *2 (S.D. Fla. Sept. 29, 2008). To be fair, both parties litigated this case in an aggressive manner with depositions and motion practice – meaning neither party should be held solely accountable for the extensive length and scope of the litigation. For example, Chipotle suggests that Plaintiff engaged in extensive motion practice, yet those motions were necessary for Plaintiff to obtain documents and the testimony of witnesses. And although Plaintiff pursued her claims aggressively, Chipotle presented a robust defense of this action that ultimately resulted in its motion for summary judgment being granted. In other words, Chipotle defended this case as aggressively as Plaintiff pursued it. No neutral observer would conclude that Plaintiff was solely at fault for the abundance of discovery issues and motion practice that occurred in this case. Therefore, this

factor favors neither party because both Plaintiff and Chipotle engaged in extensive discovery, motion practice, and class certification issues.

### C. *The Ability of Plaintiff to Satisfy a Fee Award*

The second *Humane Society* factor is focused on Plaintiff's ability to pay a fee award. Chipotle argues that, in the absence of any evidence to the contrary, it should be *presumed* that Plaintiff is able to pay any award of attorneys' fees or costs that might be entered against her. *See Prato*, 2011 WL 3875373, at *2 ("[F]inding no evidence to the contrary, the nonprevailing parties possess the ability to satisfy the award of fees"). Because there was no evidence in the record at the time the Court entered its final judgment that Plaintiff would be unable to pay a fee award, Chipotle contends that this factor weighs in its favor.

Chipotle also argues that, even if Plaintiff came forward with evidence that she herself would be unable to pay any fee award, this factor still weighs in Chipotle's favor if Plaintiff's counsel has agreed to pay such an award. Therefore, unless Plaintiff proffers competent evidence affirmatively establishing that she herself would be unable to pay any ward of attorneys' fees or costs that may be entered against her and that she does not have an agreement with her counsel that they will pay any such award, this factor must weigh in favor of Chipotle.

Chipotle's arguments are misguided. We can find no case that supports the principle that there is a *presumption* that a party can pay a fee award. To the contrary, courts have suggested that the party seeking fees has the burden to come

11

forward with some evidence that the opposing party has the ability to pay.[1]  *See Roca Labs, Inc. v. Consumer Opinion Corp.*, 2015 WL 8387974, at *3 (M.D. Fla. Dec. 10, 2015) ("[T]he Court finds Consumer Opinion and Opinion Corp.'s citation to Roca's alleged losses as inferential evidence suggestive of its ability to pay, unpersuasive.") (internal citation omitted); *Hetrick v. Ideal Image Dev. Corp.*, 2011 WL 3566607, at *4 (M.D. Fla. July 26, 2011), *Report and Recommendation adopted*, 2011 WL 3566199 (M.D. Fla. Aug. 15, 2011) ("As for the ability of Hetricks to satisfy an award of fees, the record evidence of it is slim, but such as it is, it favors the denial of fees.").

The record – while not entirely conclusive – suggests that Plaintiff does not have the ability to pay $1.5 million in fees and costs.  For example, Plaintiff testified that she is a divorced single mother who works as a furniture salesperson and that she is on a strict budget.  Plaintiff further explained that she has often been unable to live on her own due to a lack of income despite multiple jobs.  Hence, the record suggests that Plaintiff does not have the ability to pay a large fee award, especially one approximated at $1.5 million dollars.

As for Chipotle's argument that there may be a contingency fee agreement in which Plaintiff's counsel agreed to pay a fee award, Chipotle's contention misses the

---

[1] Chipotle's argument is unconvincing because it provides no basis as to why an ordinary consumer should be presumed to pay a fee award, especially an award in this case where Chipotle seeks $1.5 million in fees and costs.  And Chipotle's reliance on *Prato* is misplaced because it suggests that the moving party presented some affirmative evidence that the non-moving failed to rebut when considering an ability to pay a fee award.

12

mark because Plaintiff's counsel states that no such agreement exists. And we have no reason to doubt Plaintiff's representation or find that it may be inaccurate. Because there is no evidence to suggest that a contingency fee agreement exists, or that Plaintiff has any ability to pay $1.5 million in fees, we find that the second factor weighs in favor of denying Chipotle's motion.

### D.     *Whether a Fee Award Would Deter Others*

The third factor is whether an award of fees and costs would deter others in future lawsuits in filing claims under FDUPTA. Chipotle argues that, in an apparent rush to file this case in federal court, Plaintiff and her counsel either neglected to consider, or turned a blind eye to, the fact that Plaintiff lacked standing to pursue her claims. Such a fatal flaw in Plaintiff's claims should have been allegedly obvious to her counsel if they undertook in good faith a reasonable inquiry into the nature of Plaintiff's claims. Instead, Chipotle argues that Plaintiff proceeded not only to prosecute her claims, but to pursue them more aggressively after Plaintiff's own deposition testimony made her lack of standing obvious. Therefore, Chipotle concludes that the lack of merit in Plaintiff's claims and the degree to which Plaintiff's conduct made this case unreasonably burdensome weigh in favor of granting Chipotle an award of its attorneys' fees and costs. *See, e.g.*, *Am. Registry, LLC v. Hanaw*, 2015 WL 5687693, at *6 (M.D. Fla. Sept. 25, 2015) ("The Court finds that the relative lack of merit of the claims that formed the basis of the FDUTPA claim, coupled with several attempts to state a claim before discovery

13

revealed holes in the theory of the case, support granting attorney's fees. The Court further finds that an award in this case will serve as a deterrent.").

We disagree. While Chipotle is correct that a fee award may serve as deterrence to similarly situated parties, Plaintiff's "conduct has already been sanctioned in the form of dismissal with prejudice." *Atmos Nation, LLC v. All Rise Records, Inc.*, 2017 WL 3635114, at *3 (S.D. Fla. July 6, 2017). We, therefore, conclude that any additional deterrence in the form of a fee award is not necessary to deter similar conduct in the future, especially when coupled with the cost award that we recommended Chipotle receive under section 1920. *See id*. This conclusion is bolstered even more so by the fact that FDUPTA is designed to protect the consuming public, not to penalize them for attempting to enforce its provisions. Therefore, the deterrence factor weighs in favor of denying Chipotle's motion for fees and costs.

### E. *The Merits of the Parties' Positions*

The fourth factor to consider is the merits of the parties' litigation positions. Chipotle contends that each of Plaintiff's claims was so clearly without merit that none of them survived to be argued before a jury. For instance, Plaintiff's claim for injunctive relief was dismissed at the outset of the case and Plaintiff's claims for unjust enrichment and damages did not survive Chipotle's motion for summary judgment. *See Covington v. Arizona Beverage Co., LLC*, 2011 WL 11796786, at *4 (S.D. Fla. Aug. 25, 2011) (finding that plaintiff's "claims may have had merit on the face of the pleadings but, as already stated, his own testimony contradicted the

14

allegations in the amended complaint."). Accordingly, Chipotle suggests that this factor weighs in favor of a cost and fee award because Plaintiff's claims lacked merit that they never made it to trial.

Chipotle's arguments are unconvincing. First, Chipotle cannot rely on the basis that it prevailed on its motion for summary judgment and its motion to dismiss to conclude that Plaintiff's case lack merit or was pursued in bad faith. *See Colomar*, 2008 WL 4459383, at *4 ("Mercy can point to no meaningful evidence that Plaintiff litigated the action in bad faith, other than reiterating the fact that Defendant ultimately prevailed at summary judgment, the fourth *Humane Society* factor weighs in favor of Ms. Colomar."). Second, Plaintiff had a good faith basis to pursue her claims despite Chipotle's repeated claims that Plaintiff's lack of standing was abundantly clear and obvious. For example, Plaintiff provided expert witness testimony and analysis using a benefit of the bargain model where market segments showed consumers were willing to pay a significant price premium for Non-GMO food.

Plaintiff also had a good faith basis to pursue her claims because she relied on an objective standard where a reasonable consumer would tend to be deceived by Chipotle's practices and therefore suffer an injury. Although Plaintiff was ultimately wrong on the state of the law and whether she had standing, we cannot find it lacked any merit. Instead, Plaintiff presented a reasonable interpretation of the law and believed that she had standing to argue that Chipotle was deceptive in

15

telling its customers that all of its food was Non-GMO when the meat came from animals that eat a diet of GMOs. Because Plaintiff's claims were grounded in a reasonable – albeit misguided – interpretation of the law, the fourth factor weighs in favor of denying Chipotle's motion for fees and costs.

### F. *Whether Plaintiff's Claims were Frivolous or Unreasonable*

Under the fifth *Humane Society* factor, Chipotle contends that fees and costs should be awarded because Plaintiff's claims were frivolous, unreasonable, and groundless. Chipotle argues that Plaintiff's lack of standing should have been evident to her attorneys upon conducting a pre-litigation Rule 11 inquiry and even clearer when Chipotle deposed Plaintiff later in the case. Chipotle also suggests that Plaintiff's claims were baseless because Plaintiff abdicated control of the case to her attorneys. For instance, Plaintiff allegedly testified (1) that she had not reviewed a draft of her complaint before it was filed, (2) that she was unaware that her claim for injunctive relief had been dismissed at the outset of the litigation, and (3) that she did not know why her attorneys had denied several of Chipotle's requests for admission in a manner that was inconsistent with her deposition testimony. Because Plaintiff continued to pursue her claims after it became evidence that it was fatally flawed, Chipotle argues that this factor weighs in its favor.

Without being repetitive of the reasons explained above, we disagree that Plaintiff's claims were frivolous, unreasonable, or groundless. While Plaintiff and her attorneys may have been misguided on the state of the law and on whether she

16

had standing to pursue her claims, we cannot find that this factor weighs in favor of Chipotle. Rather, this factor supports a finding that fees and costs are not appropriate given the facts of this case.

### F. *Whether the Defense Raised Arguments to Frustrate or Stall*

The sixth factor to consider is whether Chipotle raised a defense to frustrate or stall the litigation. This factor "has no bearing on this case," because "Defendant was the prevailing party, not the losing party." *Sodikart USA v. Geodis Wilson USA, Inc.*, 2014 WL 6968073, at *5 (S.D. Fla. Dec. 9, 2014); *see also Prato,* 2011 WL 3875373, at *2 ("[T]he defense was clearly not raised to stall or frustrate as it directly related to the nonprevailing parties' claims"). Accordingly, this factor weighs in favor of Chipotle.

### E. *Whether the Claims were to Resolve a Significant Legal Question*

The final factor to consider is whether Plaintiff's claims were pursued to resolve a significant legal question. Chipotle argues that Plaintiff's case did not raise any significant legal questions because her claims were routine. And although Chipotle acknowledges that this case was aggressively litigated – with Plaintiff taking fourteen depositions and designating three testifying experts – Chipotle contends that this case presented a relatively straightforward application of the "reasonable consumer" test under FDUPTA in relation to Chipotle's advertisements. Because Plaintiff's claims were "not brought to resolve a significant legal question,"

17

Chipotle contends that this factor "is neutral at best." *Sodikart USA*, 2014 WL 6968073, at *5.

We agree that the final *Humane Society* factor favors neither party. While the facts of this case were somewhat unique in that it concerned the question of whether foods that are advertised as Non-GMO are in fact Non-GMO, there was nothing particularly significant about the standing issues presented. On the other hand, the case did involve the issue of whether the benefit of the bargain theory of recovery requires the price of the product to increase when the deceptive statement is made. When considered as a whole, there are persuasive arguments from both sides about the nature of this case. Accordingly, we find that the final factor does not weigh significantly in either party's favor and that it remains neutral on whether Chipotle's motion for fees and costs should be granted or denied.

In sum, after a thorough consideration of the seven factors enumerated in *Humane Society* and the arguments presented in support thereof, we find that a fee award would be inappropriate given the facts of this case. There is no evidence to suggest that Plaintiff possesses the ability to satisfy a fee award (especially a fee award of $1.5 million) and a dismissal of Plaintiff's claims as a matter of law (alongside the substantial cost award under section 1920) provides enough deterrence for others who may bring such claims in the future. Moreover, there is no evidence that Plaintiff pursued her claims in bad faith or that they were frivolous or unreasonable. While Plaintiff was ultimately wrong on the state of the law and

whether she had standing to sue under FDUPTA, a reasonable interpretation of the law does not mean that Plaintiff's claims were objectively groundless. Because the balance of factors weighs in favor of Plaintiff, we conclude that Chipotle's motion for fees and costs should be **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Chipotle's motion for attorneys' fees and costs be **DENIED**. [D.E. 206].

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida this 26th day of January, 2018.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge